ELLA MORGAN v. TOWN OF TARBORO and JOE ERVIN.

(Filed 26 September, 1917.)

1. **Municipal Corporations—Cities and Towns—Negligence—Principal and Agent—Committees—Ordinance.**

　　Where the aldermen of a town, to prepare for a festival occasion, have appointed a committee consisting of the mayor and manager, to act with others, which committee, without further authority, permits a third person to erect a stand of seats in a public park for the convenience of spectators, without obstructing the streets, suggesting a certain charge per seat; and there is an ordinance of the town prohibiting such use, the town, not participating in the profits or having supervision of the seats, is not responsible to a spectator who was injured by the falling of the stand from faulty construction or overcrowding.

2. **Municipal Corporations—Cities and Towns — Public Occasions—Parks—Seats—Nuisance—Negligence.**

　　The permission of a town to erect stands of seats in its public park, without obstructing the streets, for the convenience of those attending a

gala occasion, does not partake of the character of an authorized nuisance, and falls within the principle that where a town licenses a person to commit within its limits an act not unlawful in itself or inherently dangerous, and an injury is occasioned merely in consequence of the manner in which the act is performed, the municipality is not liable.

CIVIL ACTION tried before *Whedbee, J.,* at April Term, 1917, of EDGE-COMBE.

At the conclusion of the evidence the court sustained a motion to nonsuit as to the town of Tarboro, to which plaintiff excepted and appealed. Plaintiff submitted thereupon to a voluntary nonsuit as to Joe Ervin.

*Alsbrook & Phillips for plaintiff.*
*D. M. Gilliam for defendant.*

BROWN, J. The town of Tarboro owns a "Town Common," or park conveyed to it in 1760 by Joseph Howell, lying on the east and west side of Main Street. In August, 1915, the Colored Firemen's Tournament was held in Tarboro, and in order to provide seats for the spectators along the line of march, Joe Ervin erected a grandstand on said town common, open to the public at 10 cents admission. This stand was crowded with spectators, plaintiff being one of them. In consequence of the negligent construction of the stand, or from overcrowding, it fell and injured plaintiff.

We think the nonsuit was properly allowed.

1. There is no evidence in the record that the stand was erected by authority of the board of commissioners of the town. On 14 June, 1915, the board passed the following resolution:

"On motion of Commissioner J. D. Jenkins, the manager and mayor were appointed a committee with power to act as to an apropriation; also to assist Mr. McCabe and Simmons in getting contributions from the different business men in the town."

This is the only reference to the matter in the minutes of the board of commissioners, and the only authority delegated by the board. Later, Mr. Jacocks, the town manager, together with Paul McCabe, with whom the committee appointed by the board was to serve, gave the defendant Joe Ervin permission to erect in the aforesaid town common, parallel with Main Street, a grandstand for the accommodation of those who should attend the tournament, which was to be held on the Main Street of said town. The committee, or some of them, told Erwin where to erect the grandstand and advised him that he should not charge more than 10 cents admission. The town was to receive no part of the proceeds.

It must be noted that the public street was not obstructed in any way. The grandstand was erected on the common and solely for the accommodation of spectators that they might more comfortably view the tournament. The town authorities did not authorize its erection and received no part of the proceeds of admission. On the contrary, an ordinance of the town was in force at the time forbidding the use of the common for shows, exhibitions, or entertainments of any kind.

2. But admitting that the town did authorize Ervin to erect the stand for the convenience of spectators on such gala occasion, under the evidence in this record, it would not be liable.

The principle of law is well settled that if the act which the municipality licenses a person to commit within its limits is not unlawful in itself or inherently dangerous, so as to become a public nuisance, and an injury is occasioned merely on consequence of the manner in which the act is performed, then the municipality is not liable. 5 Thompson on Negligence, 5805, and cases cited.

The erection of temporary seats along the city streets on public occasions is not unusual. It is allowed for the convenience of the public, and does not in the least partake of the character of a nuisance.

The plaintiff having submitted to a voluntary nonsuit as to defendant Ervin, the action was properly dismissed.

Affirmed.