J. HERMAN DENNING, ADMINISTRATOR OF LUTHER SHELTON DENNING, DECEASED, v. GOLDSBORO GAS COMPANY; TOWN AND COUNTRY GAS COMPANY; CITY OF GOLDSBORO; EDWARDS AND JERNIGAN FURNITURE COMPANY.

(Filed 28 June, 1957.)

**Municipal Corporations § 12—**

In the granting of a franchise to a public utility to operate a system for furnishing gas for cooking and heating to residents of the municipality, the municipality exercises a governmental function, and may not be held liable in tort to a person injured by a gas explosion, even if it be conceded that the city were negligent in continuing the franchise after the pipe lines and equipment of the licensee had become defective. G.S. 160-2(6).

APPEAL by plaintiff from *Parker, J.,* at August-September 1956 Civil Term of WAYNE.

Civil action to recover damages for alleged wrongful death of plaintiff's intestate, Luther Shelton Denning, heard upon demurrer *ore tenus* of the defendant, City of Goldsboro.

Briefly stated, plaintiff alleges in his complaint that Luther Shelton Denning came to his death on 12 April, 1954, at a point in an alleyway along the western boundary of the store and as he left the store of Edwards & Jernigan Furniture Company, "by reason of an explosion that originated from gas that had escaped from the mains and pipes, into the pit or basement under the store of Edwards & Jernigan Furniture Company, Inc., and which had extended under the alleyway aforementioned" in the complaint, through negligence of defendants.

Plaintiff also alleges that the Goldsboro Gas Company, Inc., is and on 12 April, 1954, was a public service corporation, duly organized under the laws of the State of North Carolina, with its principal office and place of business in Goldsboro, Wayne County, North Carolina; that it had been granted by the City of Goldsboro a franchise to distribute and sell gas for cooking and heating in the city; and that for many years prior to said date, as a public service corporation, it had been operating in distribution of manufactured gas by means of pipes and conduits to sell and deliver same to householders and businesses and people of said city.

The grounds of the demurrer are that the complaint does not state a cause of action against the defendant in that: "1. It alleges no negligence on the part of this defendant or any breach of duty owed by this defendant to the plaintiff's intestate.

"2. It alleges no wrongful act or conduct on the part of this defendant which was a proximate cause of, or in any manner contributed to, the injury and death of the plaintiff's intestate.

"3. It appears upon the face of the complaint that such cause of action, if any, as is alleged against this defendant is within the governmental immunity of this defendant as a municipal corporation and, hence, this defendant is not liable in damages therefor."

The demurrer was sustained, and defendant City of Goldsboro was dismissed as a party to the action. Plaintiff excepts to and appeals to Supreme Court from judgment in accordance therewith, and assigns error.

*J. Faison Thomson & Son for Plaintiff Appellant.*
*Edwin C. Ipock and James N. Smith for Defendant Appellee.*

WINBORNE, C. J. This is the question presented on this appeal: Is there error in the ruling of the trial court in sustaining demurrer to the complaint, and dismissing the action as to defendant City of Goldsboro?

Admitting the truth of the allegations of fact set forth in the complaint, as well as relevant inferences of fact reasonably deducible therefrom, but not conclusions of law alleged, as is done in testing the sufficiency of the complaint to state a cause of action against defendant, challenged by demurrer, this Court is of opinion, and concurs in the ruling of the trial court, to the effect that the complaint fails to state a cause of action against the defendant City of Goldsboro, a municipal corporation, by authority of whose governing body franchise was granted extending to Goldsboro Gas Company, Inc., a public service corporation, the right to distribute and sell within the city gas for cooking and heating purposes.

A city or town is authorized by statute, G.S. 160-2(6) to grant upon reasonable terms franchises to public utilities, not to exceed the period of sixty years, unless renewed at the end of period granted.

The exercise of such authority by the governing body of a city or town is a governmental function, for which the city or town may not be held liable in damages unless made so by statute. *McIlhenney v. Wilmington*, 127 N.C. 146, 37 S.E. 187; *Clinard v. Winston-Salem*, 173 N.C. 356, 91 S.E. 1039, and numerous other cases.

Indeed when the officers are discharging a governmental duty, or acting in a matter committed to their discretion the municipality is not liable.

In the *Clinard case, supra,* this Court quoted with approval and as accordant with law of this State, decision in *Burford v. Grand Rapids*, 53 Mich. 98, in which *Judge Cooley* said that the decision of the town authorities had been "made in the exercise of its power in its discretionary and governmental field over a subject confided by the State to its judgment, and is presumptively correct. But whether correct or not, no appeal from the judgment to court and jury has been provided for, and, therefore, none can be had. An indirect appeal by suit against the city to establish a liability against it for an erroneous legislative determination is not only not provided for, but it would be opposed to a principle as well settled and as familiar as any in government."

The gravamen of plaintiff's complaint against the city of Goldsboro is that in granting extension and renewal of franchise to the Goldsboro Gas Company, Inc., a public service corporation, to operate the gas system then existent, the city acted "carelessly and negligently," and its action was unlawful for that: "Defendant Goldsboro Gas Company, Inc., had on December 31, 1946, purchased from the Tidewater Power Company and had become the owner of the entire equipment, pipe lines, and other things of value of the Tidewater Power Company, Inc. . . ."; and "that at the time Goldsboro Gas Company, Inc., purchased and began to operate the pipe lines and to furnish gas for cooking and heating to residents of Goldsboro, the pipe lines and equipment were

more than forty years old . . . were worn, their joints loose and given to leakage, holes and other defects throughout the system; that electrolysis had caused a general deterioration of the mains; and that these lines with all of these defects, extended underground through the streets and alleyways of the city of Goldsboro" and "constituted a great and continuous hazard to those using the said streets . . ."

Even so, the city would not be liable in damages for the acts of the city officials extending and renewing franchise to operate such system. In the *Clinard case, supra,* where officials had refused to grant license for the erection of a building, a governmental function, this Court declared: "If the officials charged with the exercise of the duty should have corruptly or oppressively refused the license asked, an action might have been laid against them individually" . . . "the city, even in that event, would not be liable in damages for such conduct on the part of its officials." The Court said "These principles are elementary law, and need not be reiterated."

The judgment below is
Affirmed.