■ John Kearney, an Infant, by His Guardian ad Litem, Patrick Kearney, et al., Appellants, v. Roman Catholic Church of St. Paul, Respondent, et al., Defendants.— Appeal by plaintiffs from a judgment of the Supreme Court, Kings County, dated May 4, 1967, which dismissed the complaint at the close of plaintiffs' case during a jury trial. Judgment reversed, on the law, and new trial ordered, with costs to abide the event. No questions of fact were

considered. In our opinion, plaintiffs' proof established that defendant church had the duty to use reasonable care to protect the infant plaintiff from injury at the time and place of the accident and to provide adequate supervision for him and the other members of the scout troop at that time and place (see *Gregaydis* v. *Watervliet Civic Chest,* 14 A D 2d 623; *Zalak* v. *Carroll,* 15 N Y 2d 753). Particularly is that so here, since, pursuant to its sponsorship application, the church assumed contractual liability for supervision. The proof raised questions for the jury as to whether a reasonably prudent advisor or scoutmaster of a scout troop would have permitted the boys to play the particular game during which the infant plaintiff was injured; as to whether a reasonably prudent advisor should have foreseen that the boys might play that game if they were told to go to another part of the premises, where sport equipment was stored, and there play any game they chose, without any supervision or guidance; as to whether a reasonably prudent advisor would have provided a thin rope, instead of a thick hawser, and mats on the bare concrete floor to minimize the possibility of injury in the event that game were permitted to be played; and as to whether the infant plaintiff was not entitled to any recovery because of contributory negligence or assumption of risk (cf. *Gregaydis* v. *Watervliet Civic Chest, supra; Clark* v. *Board of Educ. of City of N. Y.,* 304 N. Y. 488). Christ, Acting P. J., Brennan, Benjamin and Munder, JJ., concur; Hopkins, J., concurs in the result, with the following memorandum: I concur so far as the majority memorandum states that an issue of negligence was presented for the decision of the jury. However, in my opinion the proof, in addition, should establish the relationship between the scoutmaster in charge and the church, the control of the church over the scouting program, and the knowledge of the church concerning the activity which is claimed to have caused the injury. It is not clear from this record whether the liability of the church is claimed to arise from the alleged negligence of the scoutmaster on the ground of *respondeat superior,* in which event the relationship between them would have to be based on agency, or employment, or a voluntary commitment requiring knowledge, or whether the church was itself negligent in selecting an incompetent scoutmaster. On a new trial, plaintiffs should introduce proof in support either of a vicarious liability or of a primary liability on the part of the church which sponsored the troop of which the infant plaintiff was a member.