■ GERALD A. WATSON, Appellant, v. DONALD MIX et al., Respondents.— Order insofar as appealed from unanimously reversed, with costs, defendants' motion for a protective order denied and plaintiff's motion for disclosure granted. Memorandum: Plaintiff appeals from that part of a Special Term order which denied his motion for disclosure of the Police Department personnel file of defendant Mix and which granted defendants' motion for a protective order with respect thereto. Plaintiff in his action for damages, resulting from assaults and false arrest by defendant police officer Mix, alleges in his complaint that Mix had committed previous assaults of which defendants had knowledge and that defendants were negligent in retaining Mix on the police force. A municipality " may not with immunity retain in service an employee from whose retention damage to others may reasonably be anticipated." (*McCrink* v. *City of New York,* 296 N. Y. 99, 106.) Plaintiff's motion for an order to compel production of the personnel record of defendant Mix should have been granted and defendants' motion for a protective order should have been denied. The personnel file is material and necessary for the prosecution of the action and has not been shown to be exempt from disclosure. Defendants have custody of the file and access to its contents. They have not shown what is in it or that anything in it is privileged. The mere conclusory unverified statement that it is confidential establishes nothing. " Defendant having asserted the privilege of immunity, has the burden of sustaining the claim. The burden of proof is on the one who asserts the privilege (*Koump* v. *Smith,* 25 N Y 2d 287) " (*Walsh* v. *Parkchester Gen. Hosp.,* 33 A D 2d 540). It appearing that the personnel file is material and necessary to the prosecution of the action and has not been shown to be exempt from disclosure the order insofar as appealed from should be reversed, plaintiff's motion for production of the file should be granted and defendants' motion for a protective order should be denied. (Appeal from certain parts of order of Erie Special Term denying motion to compel production of records.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Cardamone and Henry, JJ.

■ A. BURGART, INC., Respondent, v. FOSTER-LIPKINS CORP. et al., Appellants, et al., Defendants.— Order unanimously affirmed, with costs upon the opinion at Special Term. (Appeal from order of Monroe Special Term denying motion to stay action pending arbitration.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Cardamone and Henry, JJ. [63 Misc 2d 930.]