■ LILI Y. PACKER, Appellant, v BOARD OF COOPERATIVE EDUCATIONAL SERVICE FOR THE SOLE SUPERVISORY DISTRICT OF ORANGE AND ULSTER COUNTIES, Respondent.—Appeals by plaintiff from (1) an order of the Supreme Court, Orange County, dated June 15, 1978, which, *inter alia,* granted the defendant's motion to dismiss for lack of personal jurisdiction and (2) a judgment of the same court, entered September 8, 1978, which dismissed a subsequently properly served summons and complaint, upon the granting of defendant's motion to dismiss, without opposition. Order affirmed. No opinion. Appeal from the judgment dismissed. Said judgment was entered upon plaintiff's default and therefore is not appealable (see CPLR 5511). Defendant is awarded one bill of $50 costs and disbursements. Hopkins, J. P., Damiani, O'Connor and Mangano, JJ., concur.

■ LUCILLE RAPISARDA et al., Respondents, v ROSALYN BANCO et al., Defendants and Third-Party Plaintiffs-Appellants. JOSEPHINE LA ROSA, Third-Party Defendant.—In an action, *inter alia,* to recover damages for personal injuries sustained by the infant plaintiff as the result of an automobile accident, defendant Banco appeals, and defendants Rowan and Good Humor Corp. cross-appeal, from an order of the Supreme Court, Richmond County, dated January 3, 1978, which granted plaintiffs' motion to dismiss defendant Banco's third-party complaint for failure to state a cause of action. Order reversed, on the law, with one bill of $50 costs and disbursements, and motion denied. The motion to dismiss, being predicated on the alleged status of the third-party defendant as the equivalent of a "primary parent" to the infant plaintiff (see *Holodook v Spencer,* 36 NY2d 35), is premature. Although perhaps subject to defeasance upon a proper showing, as drawn, the third-party complaint states a cause of action for indemnity or contribution (see *Broome v Horton,* 53 AD2d 1030; *Barrera v General Elec. Co.,* 84 Misc 2d 901). Rabin, J. P., Gulotta, Margett and Martuscello, JJ., concur.