JOHN R. BARTELS, as Guardian ad Litem of JENNIFER REID, an Infant, Respondent, v COUNTY OF WESTCHESTER et al., Appellants, et al., Defendants.

Second Department, July 7, 1980

518

APPEARANCES OF COUNSEL

*Samuel S. Yasgur, County Attorney (Bein, Campbell & Cunnion, Anthony J. Caputo* and *Joseph J. Buderwitz, Jr.,* of counsel), for appellants.

*Warren Whitfield Wells (Grenville T. Keogh* of counsel), for respondent.

## OPINION OF THE COURT

HOPKINS, J.

May a county be liable for injuries suffered by an infant remanded to the county's custody caused by the negligence of the county's employees in the placement and supervision of the infant in the care of persons who were not proper foster parents? We answer this question in the affirmative and thus affirm Trial Term which denied the appellants' motion to dismiss the amended complaint for failure to state a cause of action.

### I

The infant plaintiff was born on October 18, 1971. This action was commenced in August, 1974.

The amended complaint, pieced out by the bill of particulars and the papers submitted on behalf of and in opposition to the motion to dismiss, alleges these facts:

Sometime after her birth, the infant plaintiff was remanded to the county's Department of Social Services and its foster

care program. The department thereafter placed the infant in the care of the defendants Thomas Murphy and Maryanne Murphy as foster parents.

On January 5, 1974, when the infant plaintiff was less than three years of age, she was severely scalded as the result of the unfitness and carelessness of the foster parents in bathing her; the infant plaintiff sustained extensive second and third degree burns, causing permanent scarring to 40% of her body, webbing of the fingers of the right hand, and a deformity known as "claw toe".

The appellants served an answer, generally denying the plaintiff's allegations. Shortly before the case would have been reached for trial, the appellants moved to dismiss the amended complaint, contending, among other things, that the county and its employees were immune from liability because the care of children placed with foster parents is a governmental activity calling for day-to-day decisions of a highly sensitive and discretionary character which cannot be subjected to judicial scrutiny.

Trial Term denied the motion on the ground that the care and supervision of infants is not "uniquely governmental," and that the duty to provide adequate supervision by the selection of qualified and proper custodians rested on the county when it assumed the care of the infant plaintiff, for the breach of which duty the county would be liable.

On this appeal the appellants argue that: (1) foster parents are neither agents nor servants of the county, but independent contractors, for whose negligence the county would not be liable; (2) the county is free from liability under the doctrine of sovereign immunity; (3) the county undertook no special duty toward the infant plaintiff; and (4) since there is no liability by a parent to a child for inadequate supervision, the county, assuming the relationship of *in loco parentis* vis-à-vis the infant plaintiff, is likewise not liable.

## II

From early times in our law the sovereign has been considered to be *parens patriae* of destitute or abandoned children, and our Constitution continues that obligation (NY Const, art XVII, § 1). Our statutes provide in specific terms for the care and custody of children found to be neglected or needy *(Smith v Organization of Foster Families,* 431 US 816, 823-832). Thus,

the statutory provisions authorize the placement of children (Social Services Law, §§ 375, 376, 379; 18 NYCRR 444.1, 444.6), as well as the revocation of the licenses (Social Services Law, § 379). Moreover, the statutes permit review of the foster care status of the children by the Family Court (Social Services Law, § 392). The duty to care for the welfare of children is in effect imposed on the county by the State (Social Services Law, §§ 395, 398, subd 6, pars [g], [i]), including the responsibility to supervise the children while in foster homes (Social Services Law, § 398, subd 6, par [h]), and to remove them from the foster home when necessary (Social Services Law, § 400).

In addition to this general legislative structure for the care and custody of children, statutes have been enacted for the protection of children from physical abuse (Social Services Law, art 6, tit 6, §§ 411-428). The physical abuse or maltreatment of a child is required to be reported by specifically designated persons, including social services workers and child care or foster care workers (Social Services Law, § 413; see, also, 18 NYCRR 432.3). In the event that this obligation is violated, the statute provides that "[a]ny person, official or institution required by this title to report a case of suspected child abuse or maltreatment who knowingly and willfully fails to do so shall be civilly liable for the damages proximately caused by such failure." (Social Services Law, § 420, subd 2.)

■ The statute thus creates a liability which, under the rule directing the liberal construction of pleadings, would require us to sustain the amended complaint here. One of the claims alleged on behalf of the plaintiff is that the appellants had actual notice of conduct by the foster parents constituting maltreatment prior to the time that the infant plaintiff was scalded. Whether the nature of the conduct or other circumstances observed by the appellants amounted to a violation of the statute and the later injury which might have been thus occasioned are, of course, matters of proof to be determined at a trial.

Accordingly, we think that the statutory duties which the appellants are required to discharge are sufficient foundation for the cause of action asserted in the complaint.

## III

■ Apart from the statutory warrant for the amended complaint, we view its allegations as sufficient for common-law liability. It is well settled that one assuming to act, though not

under a duty, must act with care, especially when looking after children (*Glanzer v Shepard*, 233 NY 236, 239; *Zalak v Carroll*, 15 NY2d 753, 754; *Willis v Young Men's Christian Assn. of Amsterdam*, 28 NY2d 375, 379; *Kearney v Roman Catholic Church of St. Paul*, 31 AD2d 541, 542; 2 Harper and James, The Law of Torts, § 18.6, pp 1044-1046). Here, the appellants undertook to care for the infant plaintiff, and this duty, once assumed, had to be carried out with due regard for the child's safety. If, as has been asserted, the appellants knew of the incompetence of the foster parents or the indifferent discharge by them of their duties, the appellants might be held liable for an ensuing injury to the child, dependent on the evidence at a trial.

In other jurisdictions it has been held that the State or its subdivisions may be answerable for injuries suffered by children as the result of negligence in the placement or supervision of children taken in charge (*Vonner v State*, 273 So 2d 252 [La]; *Elton v County of Orange*, 3 Cal App 3d 1053; *Koepf v County of York*, 198 Neb 67; *Hanson v Rowe*, 18 Ariz App 131; but see *Pickett v Washington County*, 31 Ore App 1263). The appellants argue that at best they and the foster parents were in the relationship of *in loco parentis* with the infant plaintiff (cf. *Rutkowski v Wasko*, 286 App Div 327), and, hence, that they cannot be rendered liable for negligent supervision of the infant, following the teaching of *Holodook v Spencer* (36 NY2d 35). The claim asserted here is, however, deeper than mere inattention to the daily activities of children; it is a charge that the county acted negligently in the selection of the foster parents and in failing to remove the child from the home of the foster parents upon notice of maltreatment of the child by the foster parents. Under these circumstances, the relationship of *in loco parentis* does not exempt the appellants from liability (*Broome v Horton*, 83 Misc 2d 1002, affd 53 AD2d 1030; *Barrera v General Elec. Co.*, 84 Misc 2d 901; cf. *Rapisarda v Banco*, 69 AD2d 876). The considerations of public policy stated in *Holodook* (*supra*, p 45) —the potential strife between parent and child created by litigation and the risk of a third-party claim against the parent diminishing the value of the child's recovery—have no application here, where the interests of parent and child are united, and no liability of the parent is threatened.

## IV

Finally, two of the appellants' contentions can be

more rapidly considered. First, it is said that the county is immune from liability under the common law. This argument is vulnerable in the face of the statutory liability imposed on the county (Social Services Law, § 420, subd 2). Moreover, the county is no longer immune from liability for those wrongs of its officers and employees not involving the exercise of governmental discretion *(Bernardine v City of New York,* 294 NY 361, 365; *Thomas v Consolidated Fire Dist. No. 1 of Town of Niskayuna,* 50 NY2d 143). We see nothing in the plaintiff's claims here which implicate the kind of planning or quasi-judicial acts which are embraced within the area of governmental discretion (e.g., *Weiss v Fote,* 7 NY2d 579; *Rottkamp v Young,* 21 AD2d 373, affd 15 NY2d 831; *Gross v State of New York,* 33 AD2d 868). If the plaintiff's claims are accepted, they involve at least the negligent failure of the appellants to prevent injury after notice of facts denoting danger. Indeed, the failure by a municipality to train persons selected to perform a governmental function may lead to the imposition of liability on the municipality *(Meistinsky v City of New York,* 285 App Div 1153, affd 309 NY 998; cf. *McCrink v City of New York,* 296 NY 999; *Watson v Mix,* 38 AD2d 779).

■ Second, it is said that the foster parents are independent contractors for whose negligence the appellants would not be liable. Again, the terms of subdivision 2 of section 420 of the Social Services Law furnish the rebuttal. Beyond that statute, it is clear that the other provisions of the Social Services Law, whereby the Legislature in accordance with the command of the Constitution has enacted a comprehensive framework for the relief and protection of children, cast a positive duty on the appellants to supervise the care and welfare of the infant plaintiff. That duty must be deemed to be nondelegable in the sense that the appellants are required to exercise due care in the selection of foster parents and to oversee diligently the rendition of proper care by the foster parents. It is that duty which the plaintiff invokes, and the violation of which is the foundation of the amended complaint.

## V

For these reasons, we affirm the order of Trial Term.

MOLLEN, P. J., TITONE and MANGANO, JJ., concur.

Order of the Supreme Court, Westchester County, dated October 5, 1978, affirmed, with $50 costs and disbursements.