23473

Arnold SIMMONS, Respondent v. Rose Mary ROBINSON, Personal Representative of the Estate of Ellen D. Anderson, and South Carolina Department of Social Services, of whom South Carolina Department of Social Services is Petitioner.

(409 S.E. (2d) 381)

Supreme Court

*K. Lindsay Terrell*, and *A. Parker Barnes, Jr.*, Beaufort, *for petitioner.*

*Kathy D. Lindsay* and *Philip L. Fairbanks,* Beaufort, *for respondent.*

Heard June 12, 1991.

Decided Sept. 9, 1991.

TOAL, Justice:

This appeal arises on a petition for writ of certiorari to review the Court of Appeals' decision reported at — S.C. —, 399 S.E. (2d) 605 (1990). In that decision, the Court of Appeals held that a foster parent, as an employee of D.S.S., was covered under a liability insurance policy issued to that agency. We reverse.

## FACTS

Simmons, while still a minor, was placed in a foster home with a license D.S.S. foster mother. On July 6, 1985, Simmons and his foster mother were travelling in her private automobile to visit members of her family. En route, they were involved in a single car accident injuring Simmons and killing his foster mother. Two years later, Simmons filed this action against the estate of his foster mother and the South Carolina Department of Social Services, alleging that his foster mother was negligent and reckless in the operation of her vehicle, and that D.S.S. was vicariously liable for her actions.

To establish his vicarious liability claim against D.S.S., Simmons asserted that his foster mother was an employee of D.S.S. acting within the scope of her employment. He further alleged that his foster mother, as an employee of D.S.S., was insured by the South Carolina Insurance Reserve Fund in effect on the date of the accident. This policy provided for the coverage of D.S.S. employees and agents operating personal vehicles while engaged in official D.S.S. business. D.S.S. responded by denying the foster mother was an employee within the ambit of the policy's coverage and that the agency had sovereign immunity barring Simmons' claim.

The case was referred to the Master-in-Equity, who found that the foster mother was not an employee of D.S.S., and that, regardless of her employment status, she was not performing a task incidental to her official duties. In addressing the issue of insurance coverage, the master held that the acci-

dent occurred prior to July 1, 1986,[1] there was no insurance applicable for the loss, and S.C. Code Ann. § 15-78-20 (Supp. 1991) acted to grant sovereign immunity against Simmons' claim.

Simmons appealed and the Court of Appeals reversed the master's decision, holding that the foster mother was an employee of D.S.S. engaged in an activity incidental to her duties as a foster parent. The appeals court alternatively held that even as an independent contractor, the foster mother would be covered by the D.S.S. insurance policy.

## LAW/ANALYSIS

This court is now faced with the issue of whether a foster parent is an employee of the Department of Social Services, and if so, whether the foster parent is subject to coverage under the departmental insurance policy? To answer this question we must examine the legal basis for the relationship between a foster parent and D.S.S.

A foster home must first obtain a license before it can receive any children from D.S.S. To obtain the license, the foster parent must comply with the provisions of 27 S.C. Code Ann. Regs. 114-5-50 (Law. Co-op. Supp. 1990) which outline the procedures for obtaining and holding a foster care license. In *Heslep v. State Highway Department of South Carolina*, 171 S.C. 186, 171 S.E. 913 (1933), a license is defined as a formal permit to carry on business or perform an act which, to do otherwise, would be unlawful. In *Heslep*, we said, "[a] license is *not a contract or obligation* between the authority . . . granting it and the person to whom it is granted. . . ." *Id.* at 189, 171 S.E. 913, 914 (emphasis added). Accordingly, D.S.S. regulations, promulgated to insure compliance with the S.C. Code, are no more than conditions the foster parents must meet to obtain and hold a license. They do not constitute a right of control in the normal sense of vicarious liability analysis.

A government entity exercising its power to license is severed from liability for an injury incurred as a result of that license. It is well settled that, "[t]he mere

---

[1] In *McCall v. Batson,* 285 S.C. 243, 329 S.E. (2d) 741 (1985) we abolished sovereign immunity. However, sovereign immunity will still bar a claim arising prior to July 1, 1986, unless the defendant maintained liability insurance coverage. *See Taylor v. Murphy,* 293 S.C. 316, 360 S.E. (2d) 314 (1987).

granting of a license or permit to do an act which is not in itself unlawful or dangerous or a nuisance does not render a municipality liable for injuries caused by the performance of the act." 63 C.J.S. Municipal Corporations § 780 (Supp. 1991).[2] Applying this rule to the present facts, it becomes apparent that the State is not engaged in licensing an unlawful or dangerous act. The requirement for licensing foster parents is designed solely as a method of protecting the State's interests in its children.

The Court of Appeals relying on *Chavis v. Watkins*, 256 S.C. 30, 180 S.E. (2d) 648 (1971), concluded that the foster mother was an employee. We do not agree. The facts are undisputed that the foster mother was licensed by D.S.S. to act as a foster parent. The mere fact that D.S.S. has the right to control and direct foster parents is not dispositive. The implementation of the S.C. Code licensing regulations is well within the agency's discretion, and should not be viewed, without anything more, as an indication of vicarious liability. Before applying *Chavis* to evaluate the "right of control," the legal relationship between the parties must be determined. On these facts, it becomes apparent that the foster mother's relationship to D.S.S. was merely as a licensee and not as an employee or independent contractor. The legal status of the foster mother, as a licensee, makes it unnecessary to apply *Chavis* and the test for right of control.

We hold that D.S.S. is not vicariously liable for the tort committed by the foster mother. She was not an employee or independent contractor, and the insurance policy did not reach her actions. Her status as a mere licensee is insufficient to cast the shadow of liability upon the state through the governing agency. Because the foster mother's actions cannot be imputed to D.S.S., we find it unnecessary to reach the remaining issues on appeal. For these reasons, we REVERSE the Court of Appeals.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.

---

[2] *See also Morgan v. Town of Tarboro, et al.*, 174 N.C. 104, 93 S.E. 470 (1917); *Denning v. Goldsboro Gas Co.*, 246 N.C. 541, 98 S.E. (2d) 910 (1957); 57 Am. Jur. (2d), Municipal, County, School, and State Tort Liability § 204 (1988); Annotation, Liability of Municipality as Affected by License Issued by Municipal Officer, 42 A.L.R. 1208 (1926).