■ R.B. et al., Appellants, v COUNTY OF ORANGE, Respondent, et al., Defendants. (Action No. 1.) M.E.C. et al., Appellants, v COUNTY OF ORANGE, Respondent, et al., Defendants.

(Action No. 2.) J.A.P. et al., Appellants, v County of Orange, Respondent, et al., Defendants. (Action No. 3.) [631 NYS2d 919] —In three related actions to recover damages for personal injuries based on negligence, the respective plaintiffs appeal from three judgments of the Supreme Court, Orange County (Miller, J.), all dated December 23, 1993, which, upon a jury verdict in favor of the defendant County of Orange, dismissed the complaints insofar as they are asserted against it.

Ordered that the judgments are reversed, on the law, and a new trial is granted, with costs to abide the event.

The trial court erred, both procedurally and substantively, when it instructed the jury that if it determined that the plaintiffs' claims of negligence involved judgmental errors, as opposed to ministerial acts, the County of Orange (hereinafter the County) could not be held liable. Procedurally, this was improper in view of the court's prior determination that the County owed a special duty to the plaintiffs *(see, Prasad v County of Orange,* 159 Misc 2d 330) and its initial ruling that it would not instruct the jury on the judgmental error doctrine. As a result, only ministerial acts of the County's employees were presented for the jury's consideration and the plaintiffs were, in fact, precluded from pursuing those claims initially alleged to be judgmental or discretionary *(cf., Barnes v County of Nassau,* 108 AD2d 50; *Bartels v County of Westchester,* 76 AD2d 517). Substantively, it is well settled that, "[P]ublic entities remain immune from negligence claims arising out of the performance of their governmental functions * * * unless the injured person establishe[d] a * * * specific duty to protect that individual, and the individual relied on the performance of that duty" *(Miller v State of New York,* 62 NY2d 506, 510). Based on the trial court's decision that the County, as a matter of law, owed a special duty to the plaintiffs, any inquiry into whether the negligent acts alleged by the plaintiffs were discretionary, and thus subject to immunity, or ministerial, therefore subjecting the County to possible liability, became unnecessary. Thus, the plaintiffs should have been permitted to argue that departures, both discretionary and ministerial in nature, resulted in the alleged negligent acts and that the County might be liable for such acts.

A new trial is required so that the jury can consider all departures which may form the basis for a finding that the County was negligent and that such negligence was the proximate cause of the plaintiffs' injuries.

We find no merit to the plaintiffs' remaining contention. O'Brien, J. P., Copertino, Santucci and Joy, JJ., concur.