**John DOE, by Christine HICKEY, Guardian ad Litem, Plaintiff,**

v.

**JEFFERSON COUNTY; Jefferson County Department of Social Services; Stephen P. Lyman; David Paulsen; Connie Burns; Larry Goodwin; Betsy La Clair; Douglas Ort; Tracy Chamberlain; Mary Jane Marnell; Dennis Marnell; CASA; Tony Jo Doldo; Linya Bell; Mary Doe; Lis Weldon; Sandra Walsemann; Certain JC, JCDSS & CASA Officials; Agents and Employees Whose Name Are as Yet Unknown, Defendants.**

No. 96–CV–482.

United States District Court, N.D. New York.

Sept. 20, 1997.

Belletier Law Offices, Linda Gehron Bella-
tier, of counsel, Syracuse, NY, for plaintiff.

Dennis C. Vacco, Attorney General of the
State of New York, Deborah A. Ferro, Asst.
Atty. Gen., of counsel, Albany, NY, for defen-
dants.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

Presently before the Court is defendant
Sandra Walsemann's [1] motion to dismiss the
plaintiff's Amended Complaint, pursuant to
Rule 12(b)(1) of the Federal Rules of Civil
Procedure, on the ground that the Eleventh
Amendment bars the Court from exercising
subject matter jurisdiction. Walsemann also
moves to dismiss the Amended Complaint,
pursuant to Rule 12(b)(6) of the Federal
Rules of Civil Procedure, on the grounds that
(1) plaintiff's Amended Complaint fails to
state a claim for negligence; (2) defendant is
entitled to qualified immunity; and (3) sup-
plemental jurisdiction over plaintiff's state
claim is improper.

Plaintiff, in turn, contends that the Amend-
ed Complaint states a claim against Walsem-
ann in negligence. Specifically, plaintiff ar-
gues that Walsemann failed to provide or
refer him to psychological and psychiatric
assessment and treatment, or properly re-
port the alleged acts of child abuse and mal-
treatment. Plaintiff further asserts that his
supplemental state claim is proper.

For the reasons that follow, defendant
Walsemann's motion to dismiss is DENIED.

## I. BACKGROUND

On September 4, 1994, plaintiff John Doe,
a seven year old child, was placed in the
custody of the Jefferson County Department
of Social Services ("JCDSS"). The Jefferson
County Family Court ordered that the plain-
tiff remain in the care of JCDSS as a result
of a finding of parental neglect.

Sometime during 1994, JCDSS placed the
plaintiff in the care of the Marnell foster
family. While living with the Marnells,

---

1. Sandra Walsemann is now known as Sandra Jantzi.

plaintiff alleges he suffered severe physical and mental abuse, maltreatment and neglect. Specifically, plaintiff maintains that he was beaten, threatened and sexually assaulted by another teenage foster child staying at the Marnell home.

Sometime before 1995, plaintiff began attending the Watertown Collaborative Day Treatment Program ("Watertown"). Here, plaintiff received educational and related therapy services. Defendant Sandra Walsemann, a certified social worker, acted as plaintiff's therapist at all relevant times during his attendance at Watertown.

According to the Amended Complaint, during January and February of 1995, plaintiff began appearing at Watertown unkept, with dark circles under his eyes and bruises and scrapes on his body. Sometime between February 10 and May 2, 1995, Walsemann reported to the New York State Central Registry various acts of abuse disclosed by the plaintiff to her.

According to the Plaintiff, Walsemann failed to provide him with or refer him to adequate psychological and psychiatric assessment and treatment. Plaintiff claims that such treatment was necessary for his physical, psychological and educational conditions, including, but not limited to, his seizures, possible attention deficit disorder and physical abuse, sexual assault and neglect suffered in JCDSS foster care. Plaintiff further alleges that Walsemann failed to make proper reports of the alleged child abuse and maltreatment.

On May 2, 1995, plaintiff claims that an independent investigation was conducted by Paul Miller of the St. Lawrence County Department of Social Services recommending the removal of the plaintiff from the Marnell foster home as a result of findings of abuse and maltreatment. According to the Amended Complaint, plaintiff's mother also repeatedly requested JCDSS to remove the plaintiff from the Marnell's care. On July 3, 1995, plaintiff alleges that JCDSS informed his mother that between February 11, 1995 and July 3, 1995 the plaintiff was repeatedly sexually assaulted by another child at the Marnell home.

In November 1995, JCDSS returned the plaintiff to his mother. On March 3, 1996, JCDSS removed the plaintiff from his mother's care, placing the plaintiff in the care of his grandmother. Two weeks later, plaintiff allegedly was hospitalized at the Benjamin Rush institution. Presently, plaintiff remains under the care of JCDSS.

Plaintiff, by his guardian ad litem, filed this action against numerous defendants claiming various constitutional and state law violations. Pending before this Court is defendant Walsemann's motion to dismiss the plaintiff's Amended Complaint.

## II. DISCUSSION

### A. Eleventh Amendment

Defendant asserts that the plaintiff's claim is essentially a claim against the state; thus, the Eleventh Amendment bars this Court from exercising subject matter jurisdiction. This Court disagrees.

The Eleventh Amendment of the United States Constitution bars suits against a *state* in federal court unless the state consents to be sued, or Congress enacts legislation overriding the state's Eleventh Amendment immunity. *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 109 S.Ct. 2304, 2308–09, 105 L.Ed.2d 45 (1989). State officers sued in their personal capacities may be sued in federal court because such suits are not against the state, but rather assert liability against the individual. *See, e.g., Scheuer v. Rhodes*, 416 U.S. 232, 238, 94 S.Ct. 1683, 1687, 40 L.Ed.2d 90 (1974). However, the Eleventh Amendment bars an action against an officer as an individual "when a plaintiff seeks direct compensation from state funds or otherwise seeks to impose liability upon a state by suing one of its officers as a nominal defendant." Charles A. Wright & Arthur R. Miller, 13 Federal Practice & Procedure § 3524, at 148; *see also Kennecott Copper Corp. v. State Tax Comm'n*, 327 U.S. 573, 577, 66 S.Ct. 745, 747, 90 L.Ed. 862 (1946); *Fitzpatrick v. Bitzer*, 519 F.2d 559, 564 (2d Cir.1975). This is because the state is considered the real party in interest. *See, e.g., Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662

(1974); *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945).

■ In the present case, plaintiff brings a complaint against defendant Walsemann,[2] alleging state law claims of negligence and liability pursuant to New York Social Services Law. Plaintiff seeks to recover monetary damages from Walsemann for the alleged abuse suffered, and preventative and protective services to assess and provide for his future needs. Plaintiff does not seek payment from state funds, nor to otherwise impose liability upon the state. Therefore, the Eleventh Amendment does not bar this Court from exercising jurisdiction over a suit brought against Walsemann in her personal capacity.

Defendant's reliance on *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (*"Pennhurst"*) is misplaced. In that case, the Supreme Court decided that the *Ex Parte Young* doctrine does not apply to state law claims.[3] This case, however, implicates neither *Ex Parte Young* nor *Pennhurst*. Rather, defendant Walsemann is being sued in her personal capacity. Moreover, plaintiff does not seek prospective relief compelling Walsemann to comply with federal law, nor to spend state funds to so comply.

Accordingly, the Eleventh Amendment does not bar this Court from exercising subject matter jurisdiction over Walsemann.

## A. Standard for a Motion to Dismiss

A district court should grant a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim only if " 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50, 109 S.Ct. 2893, 2906, 106 L.Ed.2d 195 (1989) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)); *Annis v. County of Westchester*, 36 F.3d 251, 253 (2d Cir.1994). In applying this standard, a district court must "read the facts alleged in the complaint in the light most favorable" to the plaintiff, and accept these allegations as true. *Id.* at 249; *see Christ Gatzonis Elec. Contractor, Inc. v. New York Sch. Constr. Auth.*, 23 F.3d 636, 639 (2d Cir.1994). The Court's duty merely is "to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir.1980); *accord Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir.1985). The appropriate inquiry, therefore, is not "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 124 (2d Cir.1991) (plaintiff is not compelled to prove his case at the pleading stage).

Additionally, the Rules do not require the claimant to set out in detail the facts upon which he bases a claim, but only that he give a statement of his claim that will give defen-

---

**2.** Initially, the Court notes that it is unclear whether Walsemann is an employee of the state or JCDSS. Generally, such a determination is critical because the Eleventh Amendment does not apply to bar actions against a county in federal court, as a county is not an arm of the state. *See, e.g., Lincoln County v. Luning*, 133 U.S. 529, 10 S.Ct. 363, 33 L.Ed. 766 (1890). In this case, however, the Court finds, for the reasons stated above, that the Eleventh Amendment does not apply even if Walsemann is employed by the state.

**3.** It is hornbook law that the *Ex Parte Young* doctrine recognizes an exception to the rule that the Eleventh Amendment bars suits against state officials when the State is the real party in interest. *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441,

52 L.Ed. 714 (1908). In short, *Ex Parte Young* and its progeny decided that the Eleventh Amendment does not preclude suit in federal court when a person seeks to force state officers to comply with federal law in the future. *Id.; Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The holding is based on the fiction that a state cannot authorize its officers to act unconstitutionally.

In *Pennhurst*, the Court held "that a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment" and "that this principle applies as well to state law claims brought into federal court under pendent jurisdiction." *Pennhurst*, 465 U.S. at 121, 104 S.Ct. at 919.

dant "fair notice of what [his] claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Individual allegations, however, that are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains are meaningless as a practical matter and, as a matter of law, insufficient to state a claim. *Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir.1987).

It is with this standard in mind that the Court turns to the issues presented.

## B. Negligence Claim

Plaintiff contends that the Amended Complaint states a claim against Walsemann in negligence. Specifically, plaintiff claims that Walsemann failed to provide proper assessment and treatment for the plaintiff's seizures and other behavioral manifestations, failed to provide adequate advice to the mother, doctor and teachers of relevant information necessary for the plaintiff's care and treatment and failed to provide proper reports of child abuse. Plaintiff further argues Walsemann failed to recommend the removal of the plaintiff from the foster home. Lastly, plaintiff alleges that Walsemann violated the statutory duties imposed by New York Social Services Law.

Walsemann, in turn, argues that a social worker has no duty to make the above decisions. Walsemann further contends that the plaintiff has made no showing of how the alleged acts of the defendant caused him injury.

 The Court holds that, construing the Amended Complaint in the light most favorable to the plaintiff, the allegations are sufficient to state a claim for negligence. First, "[i]t is well settled that one assuming to act, though not under a duty, must act with care, especially when looking after children." *Bartels v. County of Westchester,* 76 A.D.2d 517, 429 N.Y.S.2d 906, 909 (2nd Dept. 1980) (citations omitted). In the present case, defendant Walsemann is a certified social worker employed by Watertown. While the plaintiff attended Watertown, Walsemann acted as his therapist. Under common law

principles of negligence, Walsemann may be found liable if the evidence at trial reveals that she either knew or should have known of the alleged abuse, but failed to provide or recommend appropriate treatment. Further, if Walsemann failed to notify others regarding the alleged incidents of abuse, then she also may have acted negligently.

Contrary to defendant's argument, these allegations, if true, may have caused injury to the plaintiff. Although Walsemann was without power to unilaterally remove the plaintiff from the Marnell foster home, timely notification and recommendation of removal could perhaps have prevented or at least limited the plaintiff's claimed injuries. Further, a failure to provide proper medical treatment plainly could cause injury to the plaintiff.

Second, Plaintiff's Amended Complaint is sufficient to state a claim pursuant to New York Social Services Law. Section 413 requires that certain designated persons, such as social service workers and school officials, report incidents of child abuse "coming before them in their professional or official capacity." N.Y. Social Services Law § 413 (McKinney 1992). Section 420 imposes civil liability on any designated person who fails to report under § 413. *Id.* at § 420.

In the instant case, Walsemann may also be found liable under New York Social Services Law if she did not report the alleged abuse when she had reasonable cause to suspect the plaintiff was suffering abuse. *See* N.Y. Social Service Law §§ 413, 415 (McKinney 1992). Consequently, New York Social Service Law also provides a sufficient basis to warrant sustaining the plaintiff's Amended Complaint.

## B. Qualified Immunity

Walsemann argues that the allegations of negligence made by the plaintiff against her are the types of discretionary decisions that entitle her to qualified immunity under state law.

"[W]hen official action involves the exercise of discretion or expert judgment in policy matters, and is not exclusively ministerial, [government officials or employees] generally [are] not answerable in damages for the inju-

rious consequences of that action." *Haddock v. City of New York*, 75 N.Y.2d 478, 484, 554 N.Y.S.2d 439, 553 N.E.2d 987 (1990) (citing *Tango v. Tulevech*, 61 N.Y.2d 34, 40, 471 N.Y.S.2d 73, 459 N.E.2d 182 (1983); *Arteaga v. State*, 72 N.Y.2d 212, 216, 532 N.Y.S.2d 57, 527 N.E.2d 1194 (1988); *Weiss v. Fote*, 7 N.Y.2d 579, 200 N.Y.S.2d 409, 167 N.E.2d 63 (1960)). To determine whether a decision involves the exercise of discretion, a Court undertakes a functional analysis of the actor's "functions and duties ... and whether they inherently entail the exercise of some discretion and judgment." *See, e.g., Mon v. City of New York*, 78 N.Y.2d 309, 313, 574 N.Y.S.2d 529, 579 N.E.2d 689, *reargument denied by*, 78 N.Y.2d 1124, 578 N.Y.S.2d 881, 586 N.E.2d 64 (1991) (citations omitted).

 This Court, however, need not make such an independent analysis as New York courts have held that "a State or its subdivisions may be answerable for injuries suffered by children as a result of negligence in the placement or supervision of children in their charge." *See, e.g., Barnes v. County of Nassau*, 108 A.D.2d 50, 487 N.Y.S.2d 827, 830 (2d Dept.1985). Although decisions regarding the maintenance, care or placement of a child may involve the exercise of discretion in the literal sense, such determinations "do not implicate the kind of planning or quasi-judicial acts which are embraced within the area of governmental discretion." *Id.; see also Bartels*, 429 N.Y.S.2d at 910 (rejecting argument of immunity proffered by county for its alleged negligence in placement and supervision of child in foster care).

 Further, the state has imposed on the defendant a duty to make timely reports of suspected acts of child abuse. "It would be anomalous, to say the least, for the Legislature to impose on the [defendant] such a duty, which could be performed by other entities, and then for courts to preclude inquiry into the discharge of those duties, even if resulting from negligence or malice." *Barnes*, 487 N.Y.S.2d at 830. Accordingly, the Court finds that Walsemann is not entitled to qualified immunity regarding the plaintiff's negligence claims.

Walsemann next argues that she is entitled to statutory qualified immunity, pursuant to New York Social Services Law § 419, with respect to the allegation that she did not make a proper report of the alleged abuse.

 Section 419 provides that a person participating in "the making of a report ... shall have immunity from any [criminal or civil] liability." N.Y. Social Services Law § 419 (McKinney 1992). That section was intended to provide good-faith immunity from liability for individuals who report suspected cases of child abuse. *Id.; Thomas v. Beth Israel Hosp. Inc.*, 710 F.Supp. 935, 941 (S.D.N.Y.1989). In this case, however, plaintiff does not allege that Walsemann should not have made a report; rather, he alleges that Walsemann did not make a timely or proper report. In light of the fact that section 419 imposes civil liability against certain persons who fail to report a case of suspected child abuse, N.Y. Social Services Law § 420 (McKinney 1992), this Court declines to extend section 419 immunity to Walsemann regarding plaintiff's claim that Walsemann improperly filed the child abuse report.

### D. Supplemental Jurisdiction

Lastly, Walsemann argues that the Court should not exercise supplemental jurisdiction over the plaintiff's state law claims. Few comments are necessary to dispose of this argument.

 A district court having original jurisdiction may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy...." 28 U.S.C. § 1367 (West 1993). Further, "[s]uch supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." *Id.* This codification of the earlier doctrines of pendant and ancillary jurisdiction recognizes the concept of pendant party jurisdiction. *Id.; Greenblatt v. Delta Plumbing & Heating Corp.*, 68 F.3d 561, 576 (2d Cir.1995).

 Because plaintiff's state claims arise from the same case or controversy as the federal claims, the Court finds it proper to

exercise supplemental jurisdiction in this case.

## III. CONCLUSION

For the reasons stated above, defendant's motion to dismiss is DENIED in its entirety.

**IT IS SO ORDERED.**