■ CHARLENE MCLEAN, as Mother and Natural Guardian of BRIANA HALL, an Infant, et al., Respondents, v CITY OF NEW YORK, Appellant, et al., Defendants. [853 NYS2d 340]—

The infant plaintiff suffered severe brain injuries while in the care of defendant Theroulde and her day care center. There were triable issues of fact as to whether the City had an obligation to plaintiffs pursuant to a contract between the State and the City's Department of Health regarding the enforcement of state regulations governing the certification and operation of private home day care centers (18 NYCRR part 417). Liability could exist, even if the City's conduct in approving the renewal of Theroulde's certification was merely ministerial (*cf. Lauer v City of New York*, 95 NY2d 95 [2000]), since there is a question whether the City disregarded governing rules and the state contract requiring the Health Department to investigate promptly any complaints against a provider where children may have been in imminent danger, and to insure that all violations were corrected or referred to state authorities for enforcement proceedings.

Liability may also exist for negligent acts or omissions involving a protected class of individuals (e.g., children in registered family day care facilities), regardless of whether the alleged acts or omissions were ministerial or discretionary, in light of the special duty owed to such children (*see R.B. v County of Orange*,

220 AD2d 401 [1995]). There were questions of fact as to whether a special relationship existed between—on the one hand—the Health Department and the Administration for Children's Services (the municipal agencies responsible for registering family day care providers, and for investigating complaints of child abuse and maltreatment and furnishing lists of registered day care providers to parents), and the "protected class" of children (including the infant Briana) whose working parents would rely on the registration requirements to locate safe day care providers (see Prasad v County of Orange, 159 Misc 2d 330 [1993]).

We have considered the City's remaining arguments and find them without merit. Concur—Lippman, P.J., Gonzalez, Sweeny and Catterson, JJ. [See 14 Misc 3d 922.]