25 F.3d 1041
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Judy STEELE, Individually and as Guardian ad Litem for her
infant son Quinton Steele, a minor under the age
of fourteen years, Plaintiff-Appellant,
v.
RICHLAND COUNTY DEPARTMENT OF SOCIAL SERVICES; Shirley
Fitz-Ritson, As director of the Richland County Department
of Social Services in her individual and official capacity;
Bill Jones, In his individual and official capacity as an
agent and employee of Richland County Department of Social
Services; Gary Rider, In his individual and official
capacity as an agent and employee of Richland County
Department of Social Services; Gayle Rider, In her
individual and official capacity as an agent and employee of
Richland County Department of Social Services; Barbara
Keadle, In her individual and official capacity as an agent
and employee of Richland County Department of Social
Services; Zandrevel Ladson, In her individual and official
capacity as an agent and employee of Richland County
Department of Social Services, Defendants-Appellees.
 No. 93-1802.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 9, 1994.
Decided May 19, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Dennis W. Shedd, District Judge. (CA-91-2277-3-19)
 William Gary White, III, Columbia, SC., for Appellant.
 Charles E. Carpenter, Jr., Richardson, Plowden, Grier & Howser, P.A., Columbia, SC, for appellees.
 Deborah L. Harrison, Leslie A. Cotter, Jr., Richardson, Plowden, Grier & Howser, P.A., Columbia, SC, for appellees.
 D.S.C.
 VACATED AND REMANDED.
 Before NIEMEYER, Circuit Judge, BUTZNER, Senior Circuit Judge, and ELLIS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 William Gary White, III ("White"), counsel in the underlying action, appeals the decision of the district court imposing Rule 11 sanctions against him for statements contained in a memorandum of law submitted by White in response to the district court's show cause order. Because we find that White did not have adequate notice and opportunity to address the issues that led the district court to impose sanctions, and because the record does not adequately reflect the grounds for imposition of Rule 11 sanctions, we vacate the sanctions against White and remand for further proceedings consistent with this opinion.
 
 I.
 
 2
 Judy Steele, as guardian ad litem for her infant son Quinton Steele, brought a suit alleging that her son had suffered severe burns while in the care of a foster parent. Steele sued the child's foster mother, the Richland County South Carolina Department of Social Services and several individual Department employees. Steele's complaint asserted federal claims under 42 U.S.C. Sec. 1983, as well as supplemental state claims.
 
 
 3
 On September 9, 1991, the South Carolina Supreme Court issued a ruling that essentially foreclosed plaintiff's federal claims. See Simmons v. Robinson, 305 S.C. 428, 409 S.E.2d 381 (1991). Nonetheless, on March 25, 1992, White, on behalf of plaintiffs, filed a motion to compel discovery. Soon thereafter, the Steele defendants moved for and received summary judgment on the basis of Simmons. In the order granting defendants' motion for summary judgment, the district judge ordered White to show cause why sanctions should not be imposed, pursuant to Rule 11, Fed.R.Civ.P., for White's continued prosecution of the case after plaintiffs' federal causes of action had been foreclosed by Simmons.[1]
 
 
 4
 White responded to the district court's show cause order by submitting a letter dated February 12, 1993 and supporting memorandum of law dated February 25, 1993 explaining his reasons for filing the motion to compel after the September, 1991 Simmons decision. After receiving these materials the district court, pursuant to its show cause order, conducted a hearing to address whether White's motion to compel discovery contravened Rule 11.
 
 
 5
 After considering the evidence and testimony offered at the show cause hearing, the district court imposed Rule 11 sanctions against White. Significantly, these sanctions were not based on White's motion to compel. Rather, the sanctions were based on allegedly misleading statements contained in White's memorandum filed in response to the court's show cause order.[2] This memorandum was construed by the district court as indicating that White had conferred with two other attorneys regarding the propriety of continuing to pursue the Steele action in light of Simmons. The district judge then determined that White did not have an objective, good faith basis for these statements; one of the attorneys White claimed to have consulted stated, both at the hearing and in several letters submitted directly to the district judge, that she had not discussed the continued prosecution of Steele with White subsequent to the Simmons decision. Having concluded that White's statements in the memorandum were misleading, the district court imposed a $500.00 fine on White pursuant to Rule 11.
 
 II.
 
 6
 In this circuit, Rule 11 cases are reviewed under an abuse of discretion standard. Brubaker v. Richmond, 943 F.2d 1363, 1374 (4th Cir.1991); Forrest Creek Associates, Ltd., v. McLean Sav. & Loan Ass'n., 831 F.2d 1238, 1244 (4th Cir.1987). A district court abuses its discretion if its ruling is based on either an erroneous view of the law or on a clearly erroneous assessment of the evidence. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990); see Brubaker, 943 F.2d at 1374. Further, in determining whether Rule 11 sanctions should be levied, a reviewing court must determine if the district court properly applied an objective test of reasonableness, Fahrenz v. Meadow Farm Partnership, 850 F.2d 207, 210 (4th Cir.1988); see Hoover Universal, Inc., v. Brockway Imco, Inc., 809 F.2d 1039, 1044 (4th Cir.1987), for the district court's decision may be vacated and remanded if the district court improperly applied a subjective, bad faith standard. See Artco Corp. v. Lynnhaven Dry Storage Marina, Inc., 898 F.2d 953, 955-56 (4th Cir.1990); Hoover Universal, 809 F.2d at 1044.
 
 III.
 
 7
 It is undisputed that the district court gave White ample notice that his motion to compel was under review as a possible Rule 11 violation. Also beyond dispute is that White did not have advance notice that the memorandum submitted in response to the district court's show cause order would be the subject of a Rule 11 inquiry.
 
 
 8
 The text of Rule 11 does not discuss whether courts must provide notice when raising the issue of Rule 11 sanctions, sua sponte, and, if notice is required, what form such notice must take. Advisory Committee Notes on the 1983 Amendment of Rule 11; see Gibbes v. Rose Hill Plantation Dev. Co., 794 F.Supp. 1327, 1343 (D.S.C.1992). We believe that fairness and prudential considerations counsel in favor of providing parties in Rule 11 jeopardy with notice so they will have a reasonable opportunity to address the district court's specific Rule 11 concerns.[3] While White had notice that his discovery filing was under Rule 11 scrutiny, he had no pre-hearing notice that the district court was concerned about the accuracy of certain statements made in White's response to the show cause order. Had notice of this concern been given to White, he may have been able to submit or proffer clarifying affidavits or testimony.[4] Without notice, it seems doubtful that White had this opportunity. Thus, we conclude that White should have been provided with reasonable notice[5] that the district court's Rule 11 inquiry extended to statements in his memorandum, as well as his decision to file the motion to compel.
 
 
 9
 White also argues that he should have been afforded a hearing at which to present evidence and testimony to refute the district court's conclusion that his memorandum was misleading. Due process does not require that a full evidentiary hearing be held before the imposition of Rule 11 sanctions.[6] In Re Kunstler, 914 F.2d 505, 521, (4th Cir.1990), cert. denied sub nom. Kunstler v. Britt, 499 U.S. 969 (1991); see Spiller v. Ella Smithers Geriatric Ctr., 919 F.2d 339, 347 (5th Cir.1990) ("[A]lthough giving a violator a hearing before the court imposes sanctions may be preferable, this court declines to adopt a per se rule mandating such a pre-sanction hearing."); but cf. Tom Growney Equipment, Inc., v. Shelley Irrigation Dev., Inc., 834 F.2d 833, 835-36 (9th Cir.1987) (due process requires a hearing before sanctions are imposed unless there are "extraordinary or exigent circumstances"). Yet, an evidentiary hearing is warranted in some circumstances. In particular, an evidentiary hearing may be appropriate when it is necessary to resolve issues of credibility. In Re Kunstler, 914 F.2d at 521. Here, White questioned the credibility of one of the attorneys whose statements the district court relied on for the imposition of sanctions. Yet, at the show cause hearing this attorney was not placed under oath and White had no opportunity to rebut her testimony through cross-examination.[7] In any event, we leave to the district court to determine whether an evidentiary hearing regarding White's allegedly misleading statements is warranted under the circumstances of this case. See Schwarzer, 104 F.R.D. at 198 (indicating that oral argument may be helpful, even if not required by due process); see also In Re Kunstler, 914 F.2d at 522 (indicating that "the number of credibility determinations which the court made without an evidentiary hearing suggested to the court that an evidentiary hearing would have been of value").
 
 
 10
 Finally, under Rule 11, any sanctions imposed must be "appropriate" and "the least severe sanction adequate to serve the purpose of Rule 11." Miltier v. Downes, 935 F.2d 660, 665 (4th Cir.1991), citing In Re Kunstler, 914 F.2d at 522. On remand, the district court should, therefore, explain the basis for any sanction imposed on White, after considering (1) the reasonableness of the opposing party's attorney's fees, (2) the minimum sanction needed to deter such behavior, (3) the sanctioned party's ability to pay and (4) the severity of the Rule 11 violation. In Re Kunstler, 914 F.2d at 522-23; see Brubaker, 943 F.2d at 1374; Miltier, 935 F.2d at 665.
 
 
 11
 Accordingly, we vacate the Rule 11 sanctions against White and remand for further proceedings consistent with what is set forth herein.
 
 VACATED AND REMANDED
 
 
 [1]
 The order further directed appellees to submit an itemization of their costs, including attorney's fees, incurred after September 9, 1991
 
 
 [2]
 Though White submitted both a letter and a supporting memorandum of law in response to the district court's show cause order, the Rule 11 sanctions against White were based only on statements contained in the memorandum of law
 
 
 [3]
 We note that one commentator has observed that due process requires that the party subject to Rule 11 sanctions be given some notice and an opportunity to oppose the imposition of sanctions. Schwarzer, Sanctions Under the New Federal Rule 11--A Closer Look, 104 F.R.D. 181, 198 (1985)
 
 
 [4]
 See Schwarzer, 104 F.R.D. at 198 (indicating that a party's opposition to imposition of sanctions can be adequately presented by memorandum, declarations and, if necessary, through oral argument)
 
 
 [5]
 White implies that the district court was required to issue a second show cause order regarding the alleged misrepresentations in his memorandum. Notice in a Rule 11 context need not take the form of a show cause order. Rather, notice may take a variety of forms, including "a personal conversation, an informal telephone call, a letter, or a timely Rule 11 motion." Veillon v. Exploration Services, Inc., 876 F.2d 1197, 1202 (5th Cir.1989), quoting Thomas v. Capital Security Services, Inc., 836 F.2d 866, 880 (5th Cir.1988) (en banc)
 
 
 [6]
 This is particularly true where the district judge's participation in the case is adequate to give him full knowledge of the relevant facts. In Re Kunstler, 914 F.2d at 522. We do not decide whether this was such a case
 
 
 [7]
 In addition, this attorney submitted several letters to the district court, contending that she had not discussed Steele with White subsequent to the Simmons decision. The record indicates that White did not receive copies of at least one of the letters submitted prior to the hearing called pursuant to the show cause order, again indicating that White may not have been adequately prepared to address this individual's contentions, and refute her testimony, at the hearing