**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 98-2689**

———————————

ROBERT V. MCLEMORE,

Plaintiff - Appellant,

and

BOB MCLEMORE AND COMPANY, INCORPORATED; AFF
INCORPORATED,

Plaintiffs,

versus

BRANCH BANKING & TRUST COMPANY; HFNC FINANCIAL
CORPORATION; HOME FEDERAL SAVINGS AND LOAN
ASSOCIATION OF CHARLOTTE,

Defendants - Appellees.

———————————

**No. 99-1453**

———————————

ROBERT V. MCLEMORE,

Plaintiff - Appellant,

and

BOB MCLEMORE AND COMPANY, INCORPORATED; AFF INCORPORATED,

                                                Plaintiffs,

        versus


BRANCH BANKING & TRUST COMPANY; HFNC FINANCIAL CORPORATION; HOME FEDERAL SAVINGS AND LOAN ASSOCIATION OF CHARLOTTE,

                                    Defendants - Appellees.

_____

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Lacy H. Thornburg, District Judge. (CA-97-396-3, BK-94-30421, AP-94-3108)

_____

Submitted: February 22, 2000            Decided: March 6, 2000

_____

Before MURNAGHAN, MICHAEL, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Robert V. McLemore, Appellant Pro Se. Robert Hugh Pryor, Karen K. Wolter, SMITH, HELMS, MULLISS & MOORE, L.L.P., Charlotte, North Carolina; Robert C. Stephens, Zipporah Basile Edwards, HORACK, TALLEY, PHARR & LOWNDES, Charlotte, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Robert V. McLemore appeals a district court order granting Defendants' motion to dismiss on the grounds of res judicata and collateral estoppel, and a subsequent order imposing sanctions on Plaintiffs' attorneys and prohibiting McLemore from filing any action or proceeding in district court arising from the same facts involved in the underlying proceeding. We have reviewed the record and the district court's opinions and find no reversible error. Accordingly, we affirm on the reasoning of the district court. See McLemore v. Branch Banking Trust, Nos. CA-97-396-3; BK-94-30421; AP-94-3108 (W.D.N.C. Sept. 30, 1998; Feb. 26, 1999).[*] To the extent that McLemore challenges the district court's imposition of sanctions on Plaintiffs' attorneys, we find that he lacks standing on appeal. See Miltier v. Downes, 935 F.2d 660, 663 n.1 (4th Cir. 1991) (noting that only plaintiff's counsel, the party adversely affected by court's ruling, entitled to bring appeal). We dispense with oral argument because the facts and legal contentions are

---

[*] Although the district court's orders are marked as "filed" on September 24, 1998, and February 25, 1999, the district court's records show that they were entered on the docket sheet on September 30, 1998, and February 26, 1999, respectively. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the dates that the orders were entered on the docket sheet that we take as the effective dates of the district court's decisions. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED