**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

TERRY W. STEWART,

        *Plaintiff-Appellant,*

v.

MICHAEL THOMAS; MARTHA
WILLIAMS,

        *Defendants-Appellees.*

No. 02-1466

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
William L. Osteen, District Judge, sitting by designation.
(CA-02-57-3-WLO)

Submitted: September 20, 2002

Decided: November 19, 2002

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

___

Affirmed in part and vacated and remanded in part by unpublished per curiam opinion.

___

**COUNSEL**

Terry W. Stewart, Appellant Pro Se.

___

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Terry Stewart appeals the dismissal of his civil complaint and the imposition of sanctions. We affirm in part, vacate in part, and remand for further proceedings on the issue of sanctions.

We have reviewed the record and the judgment of the district court finding that Stewart's complaint is frivolous, and we find no reversible error. Accordingly, we affirm the rejection of Stewart's claims on the reasoning of the district court. *See Stewart v. Thomas*, No. CA-02-57-3-WLO (W.D.N.C. filed Mar. 28, 2002; entered Mar. 29, 2002).

Stewart also asserts that the district court improperly imposed sanctions. While we express no opinion on the propriety of the imposition of sanctions, the court should have given Stewart proper notice that sanctions were under consideration and allowed him an opportunity to respond. In this case, the show cause order did not specifically inform Stewart that he might be subjected to sanctions if the court found that he filed his complaint without factual or legal basis. Rule 11 of the Federal Rules of Civil Procedure requires that the court provide a party "notice and a reasonable opportunity to respond" before it imposes sanctions. While the hearing established that Stewart's complaint was frivolous, the court should have notified Stewart that it was considering the pre-filing review order that it imposed. *See Autry v. Woods*, 106 F.3d 61, 63 (4th Cir. 1997) (noting that this Court issued show cause order before entering pre-filing review injunction). This would have given Stewart a chance to respond to the propriety of sanctions rather than simply opposing the dismissal of his complaint. Because the court did not provide Stewart adequate notice and an opportunity to respond before imposing sanctions, we vacate the sanctions order and remand for the court to do so. We express no opinion as to whether Stewart's conduct merits sanctions or whether the chosen sanctions are appropriate.

In sum, we vacate the sanctions order and remand for further proceedings as to sanctions after Stewart is given proper notice and affirm the court's orders in all other respects. We dispense with oral argument because the facts and legal contentions are adequately pre-

sented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*VACATED AND REMANDED IN PART*