In re Loran Gene GLASCO, Catherine Ann Glasco, Debtors.

Julie Moser Hance, Appellant,

v.

Wayne Sigmon, Appellee.

No. CIV. 1:04CV118.

United States District Court,
W.D. North Carolina,
Asheville Division.

Feb. 9, 2005.

Julie Moser Hance, pro se.

Wayne Sigmon, pro se.

### MEMORANDUM AND ORDER OF REMAND

THORNBURG, District Judge.

**THIS MATTER** is before the Court on appeal from an order from the United States Bankruptcy Court for the Western District of North Carolina imposing sanctions against the Appellant.

## I. FACTUAL AND PROCEDURAL HISTORY

This case arises from the Chapter 7 bankruptcy proceedings of Loran and Catherine Glasco ("the Debtors"). Representing the Debtors in this proceeding was the Appellant, Julie Moser Hance ("the Appellant"). The Appellee, Wayne Sigmon ("the Appellee"), was appointed as acting trustee of the Debtors' Chapter 7 bankruptcy case.

As a part of their Chapter 7 voluntary petition filed October 10, 2003, the Debtors included in the Schedule B listing of their assets a 1998 GMC Sierra SLE truck which was valued at $8,820. Appellee's Brief, filed September 23, 2004, at 1. Of this listed value, the Debtors claimed an exemption of $3,500, leaving an exposed equity in the truck in the amount of $5,320. *Id.*

On November 14, 2003, during the § 341 meeting of the creditors, the Appellee requested that the Debtors make a proposal within 15 days as to how to pay the exposed equity remaining in the truck. *Id.,* at 2. The Debtors did not respond to the Appellee's request; and, the Appellee, to avoid the expiration of the period following the § 341 meeting within which the Trustee is permitted to object to exemptions,

filed a Motion for the Turn–Over of Documents, to Extend Time to Object to Discharge and to Extend time to Object to Exemption Elections. *Id.*

On January 30, 2004, the motion was heard before U.S. Bankruptcy Court Judge Marvin Wooten. Appellant's Brief, filed September 8, 2004, at 7. Judge Wooten entered an order allowing the Debtors until February 27, 2004, to pay the exposed equity in the truck and directed the Debtors to immediately produce proof of collision insurance for the truck. *Id.* Judge Wooten also scheduled a compliance hearing for February 27, 2004. *Id.* For some reason the order was not memorialized in writing until March 4, 2004.

The Debtors did not comply with the Court's order by the February 27 deadline, but because of snow, the compliance hearing was not held. Appellee's Brief, at 2. On March 4, 2004, the Appellee sent a letter to the Debtors requesting compliance with the Bankruptcy Court's Order. *Id.*, at 2. The Appellee requested either the exposed equity be paid by March 8 or that the truck be delivered to him. *Id.*

On March 8, 2004, the Appellee received a fax from the Appellant, on behalf of the Debtors, informing the Appellee that the Debtors had received an appraisal from CarMax which appraised the current value of the truck at $4,800, below the $8,820 listed on the Debtors' Schedule B of assets previously filed with the Court. Appellant's Brief, at 7. The date of the CarMax appraisal was January 30, 2004. Appellee's Brief, at 3. On March 8 Appellant also filed an amended Schedule B with the Court reflecting the new appraisal value of the truck. Appellant's Brief, at 7. Having claimed an exemption for the full amount

of the newly appraised value of the truck, the Appellant informed the Appellee at this time that she believed the case was a no asset case. *Id.*

On March 24, 2004, the Appellant filed a motion to substitute the Appellee as the Chapter 7 trustee on the grounds that the Appellee had been retained in an unrelated matter to file a lawsuit against the Appellant and her husband. *Id.* A hearing was held before U.S. Bankruptcy Court Judge Craig Whitley on April 13, 2004, wherein the Bankruptcy Court denied the Appellant's motion for lack of foundation for the requested substitution. Transcript of Proceedings conducted April 13, 2004, *contained in* Record on Appeal, filed August 23, 2004, at 25.

On April 14, 2004, Appellant filed a motion for reconsideration of the Bankruptcy Court's March 4, 2004, Order [1] and for additional attorney fees. Appellant's Brief, at 8. The basis for the motion for reconsideration was the January 30, 2004, appraisal from CarMax. In response, the Appellee filed an objection to the Appellant's motion, requesting the Debtors' compliance with the Court's March 4 Order and for the imposition of sanctions against the Appellant. *Id.* The request for sanctions was based on the alleged improper use of the CarMax appraisal offer, the untimely filing of the motion for reconsideration, and the improper request for additional attorney fees. Exhibit 4, Response and Objection to Motion for Reconsideration and Motion for Order Compelling Compliance with March 4, 2004 Order, and for Sanctions ["Trustee's Response to Motion to Reconsider"], *attached to* Appellee's Brief, ¶ 9.

---

1. The Court notes that in the hearing before Judge Whitley the day before the Appellant filed the motion to reconsider, she was informed by the Court that the proper means to present the Bankruptcy Court with the new valuation of the Debtors' truck was to file a motion to reconsider. Transcript, *supra*, at 24.

During a hearing held April 30, 2004, Bankruptcy Judge Wooten ordered an appraisal of the truck by the Appellee's appraiser and scheduled another hearing on May 28, 2004. Appellant's Brief, at 8. The Trustee's appraiser valued the truck at between $4,500 and $5,500. Appellee's Brief, at 3.

At the May 28 hearing, Judge Wooten ordered that the Debtors be allowed to keep the truck, granted them a Chapter 7 discharge, granted Appellee's motion for sanctions, and imposed sanctions pursuant to Fed. R. Bankr.P. 9011 and 11 U.S.C. § 105 for "dereliction and misconduct" on the Appellant in the amount of $5,000 to be paid directly to the Appellee. *Id.,* at 4. It is from this imposition of sanctions ordered at the May 28 hearing and the Bankruptcy Court's subsequent written order filed June 10, 2004, that the Appellant appeals to this Court for review.

## II. STANDARD OF REVIEW

A district court has jurisdiction to hear an appeal from a bankruptcy court's final judgment or order. *See,* 28 U.S.C. § 158(a). The Court reviews a bankruptcy court's decision to impose sanctions for abuse of discretion. *Shumate v. Nationsbank,* 1995 WL 857350, *2 (W.D.Va.), *aff'd in part, dismissed in part,* 70 F.3d 1263 (table), 1995 WL 691949 (4th Cir.1995). Abuse of discretion is found where the bankruptcy court's "ruling is based on either an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Steele v. Richland County Dep't of Social Servs.,* 25 F.3d 1041 (table), 1994 WL 200807, *2 (4th Cir. 1994).

## III. DISCUSSION

Due process entitles an attorney to notice and opportunity to be heard prior to the imposition of sanctions against her.

*In re Cohen v. Fox,* 122 F.3d 1060 (table), 1997 WL 577583, *2 (4th Cir.1997); *see also, Martin v. Brown,* 63 F.3d 1252, 1262–63 (3d Cir.1995); *see also,* Fed. R. Bankr.P. 9011 (permitting court to sanction violations of rule 9011 "after notice and a reasonable opportunity to respond"). The procedural protections afforded by due process ensure the sanctioned party an adequate and meaningful opportunity to prepare and provide the Court with an explanation of her conduct. *Simmerman v. Corino,* 27 F.3d 58, 64 (3d Cir.1994); *see also, Steele, supra* (requiring notice of specific Rule 11 concerns before the imposition of sanctions so that the party subject to the sanctions may be able to submit or proffer clarifying affidavits or testimony). Similarly, the protections assist the Court in fully considering the nature of the sanctioned party's conduct. *Simmerman, supra.* What process is due a party prior to the imposition of sanctions against her will vary with the circumstances of each case. *Id.* However, with regard to the notice requirement, due process generally requires the party subject to the sanctions proceedings be given prior notice of the specific authority for the sanction, as well as the specific conduct which is alleged to be sanctionable. *See, Nuwesra v. Merrill Lynch, Fenner & Smith, Inc.,* 174 F.3d 87, 92 (2d Cir.1999); *In re Deville,* 280 B.R. 483, 497 (9th Cir. BAP 2002), *aff'd,* 361 F.3d 539 (9th Cir.2004). However, prior notice of the specific authority of sanctions may not be required where notice is provided of the specific conduct subject to sanctions and the applicable standard within which the party was required to conduct herself. *See, Fellheimer, Eichen & Braverman, P.C. v. Charter Techn., Inc.,* 57 F.3d 1215, 1225 (3d Cir.1995) (affirming sanctions under court's inherent power without particularized notice where the party sanctioned was on notice that he was facing sanctions for conduct involving

subjective bad faith); *see also, Martin,* 63 F.3d at 1263 n. 13 (recognizing *Fellheimer* decision where there was no particularized notice of court's use of its inherent power). In the case at bar, this Court must determine whether the notice afforded the Appellant, prior to the imposition of sanctions against her, was sufficient to satisfy due process concerns.

The notice received by the Appellant herein was a single paragraph requesting sanctions included in the Appellee's response to her motion for reconsideration. The request for sanctions stated,

> Under the circumstances the attempted use of a Car Max "Appraisal Offer" as a statement of market value, the untimely filing of the Motion for Reconsideration, and the improper request for payment of attorneys fees "through the plan" as set forth above are improper and reckless actions of the attorney for the debtors for which sanctions should be entered.

Exhibit 4, Trustee's Response to Motion for Reconsideration, ¶ 9.

█ The Bankruptcy Court imposed sanctions against the Appellant pursuant to Bankruptcy Rule 9011[2] and 11 U.S.C. § 105(a) during the May 28, 2004, hearing which is memorialized by the June 10, 2004, Order. Transcript of Proceedings conducted May 28, 2004, *contained in* Record on Appeal, at 8; Order, filed June 10, 2004, *contained in* Record on Appeal, at 5.

The Court's sanctions were based in part on the Appellant's acts of filing an untimely motion for reconsideration and improperly requesting attorney fees. June 10, 2004, Order, at 4–5. However, the main thrust of the Order and the Court's oral imposition of sanctions at the hearing was the delay in the resolution of the case due to the Appellant's conduct. Transcript of Proceedings conducted May 28, 2004, at 7–8 (concentrating on Appellant's conduct which delayed the resolution of the case); June 10, 2004, Order, at 5. The Court found the Appellant's "first dereliction" was the failure to include a correct valuation of the debtor's truck, which, if done correctly, would have resulted in a declaration of a no asset case, and the immediate closure of the case. Transcript, *supra,* at 7. The Court concluded that the Appellant's conduct caused the case to remain on the Court's calendar for three or four months and caused a waste of the Court's time and an increase in the Trustee's expenditures. *Id.*

█ The Court finds that the Appellant did not receive sufficient notice of the sanctions imposed to satisfy due process concerns.[3] The Appellee's motion for sanctions failed to identify the authority under which he sought the imposition of sanctions. The Court recognizes that in some cases, the mere existence of Rule 11 may operate to give notice, especially to attorneys, sufficient to justify Rule 11 sanctions. *See, Green v. Foley,* 907 F.2d

---

**2.** Bankruptcy Rule 9011 is the equivalent of Rule 11 of the Federal Rules of Civil Procedure. *See, In re Computer Dynamics, Inc.,* 253 B.R. 693, 699 n. 4 (E.D.Va.2000), *aff'd,* 10 Fed.Appx. 141 (4th Cir.2001). In fact, courts may look to decisions interpreting Rule 11 when deciding cases based on Rule 9011. *See, In re Weiss,* 111 F.3d 1159, 1170 (4th Cir.1997).

**3.** The Court also notes that the Appellee did not fully comply with Rule 9011 which re-quires that a motion for sanctions under the rule be filed separately from other motions. Fed. R. Bankr.P. 9011(c). While this issue may be forfeited by a party who does not raise it before a lower court, it may be considered by a reviewing court under exceptional circumstances where "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *See. Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.,* 369 F.3d 385, 397 (4th Cir.2004) (quotations omitted).

1137 (table), 1990 WL 86210, *4 (4th Cir. 1990); *but see, Stewart v. Thomas,* 50 Fed. Appx. 184, 185 (4th Cir.2002) (vacating sanctions order, in part, because specific notice that sanctions under Rule 11 were being sought was not provided). However, generally where sanctions are imposed pursuant to other statutes or the inherent authority of a court, more particularized notice is required. *See, In re Cohen, supra* (sanctions pursuant to § 1927 require particularized notice); *Martin, supra* (sanctions pursuant to § 105(a) generally require particularized notice). Different sources of the Bankruptcy Court's authority in this area sanction different types of conduct and require different findings before sanctions may be imposed. For example, Rule 9011 allows sanctions against a party for submitting a petition or pleading to the court for improper purpose, where not warranted by the law or the facts, or without evidentiary support, and requires the court to examine the party's conduct by applying an objective standard of reasonableness under the circumstances. Fed. R. Bankr.P. 9011(b), (c); *Lee v. Mullen,* 1999 WL 1529609, *4 (W.D.N.C.1999).[4] Section § 105(a) of the Bankruptcy Code recognizes the inherent power of the Bankruptcy Court, permits sanctions to be imposed to implement the provisions of the Bankruptcy Code, prevents an abuse of the bankruptcy process, and generally requires a finding of bad faith. *See Matter of Volpert,* 110 F.3d 494, 500 (7th Cir.1997); *In re Kilgore,* 253 B.R. 179, 190 (Bankr.D.S.C.2000) (citing *McGahren v. First Citizens Bank & Trust Co. (In re Weiss)), supra; Chosin Few, Inc. v. Scott,* 209 F.Supp.2d 593, 603 (W.D.N.C.2002) (an award of attorney's

fees pursuant to the Court's inherent power would require a finding of bad faith conduct). Sanctions may also be imposed by the Court pursuant to § 1927 against a party who "multiples the proceedings in any case unreasonably and vexatiously" but is also conditioned on a subjective finding of bad faith. *Chosin Few,* 209 F.Supp.2d at 602. Therefore, the failure to give notice of the specific authority under which sanctions are sought prevents a party from knowing the standard by which she must defend her conduct..

The Appellee's request for sanctions fails to identify the chief specific conduct for which the Appellant was ultimately sanctioned. While the request outlined the improper use of the CarMax appraisal to establish the value of the truck, the untimely filing of the motion for reconsideration, and the improper request for attorney fees, the request did not describe the unnecessary delay of the resolution of the case as a potential grounds for sanctions. Trustee's Response to Motion for Reconsideration, ¶ 9. While the Appellant had notice she would have to defend her conduct specifically mentioned in the Appellee's request for sanctions, she did not have notice she would have to defend her conduct from the beginning of the case, for her failure to obtain an accurate valuation of her client's truck, or for her numerous appearances before the Court both on her own motions and those of the Trustee. As evidence of this, at the hearing, the Appellant concentrated on the appropriateness of the CarMax appraisal as grounds for estimating the value of the truck, a ground for the Appellee's request for sanctions the Court did not address Transcript of Pro-

4. When determining the amount of monetary sanctions to impose under Rule 11, a court must also consider " '(1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and

(4) factors related to the severity of the Rule 11 violation.' " *Lee,* 1999 WL 1529609, *5 (quoting *In re Kunstler,* 914 F.2d 505, 522 (4th Cir.1990)).

ceedings conducted May 28, 2004, at 6 (arguing the CarMax appraisal was consistent with the valuation made by the Trustee). Had the Appellant been given notice that sanctions would be imposed primarily on the delay in resolving the case attributable to her conduct, she likely would have used her appearance before the Court to defend herself more fully on those grounds instead.

Without proper notice of the Court's authority to impose sanctions or of the specific conduct warranting sanctions, due process concerns prohibit the imposition of sanctions against the Appellant at this time. The case is, therefore, remanded to the Bankruptcy Court for further proceedings. Upon the Appellant being provided proper notice and an opportunity to be heard, the Bankruptcy Court may impose such sanctions, if any, as it deems appropriate.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Order of the Bankruptcy Court, filed June 10, 2004, imposing sanctions in the amount of $5,000 against the Appellant herein is hereby **REVERSED**, and the matter is remanded to the Bankruptcy Court for further proceedings consistent with this Order.